IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**AZEZ WESLIN ELLIS, JR. Executor/**
**Beneficiary Azez Weslin Ellis Jr, Estate**                                        **PLAINTIFF**

v.                                                                 CIVIL ACTION No. 3:18CV20-NBB-RP

**OCWEN LOAN SERVICING, LLC,**
**U.S. BANK NATIONAL ASSOCIATION,**
**JAUREGUI & LINDSEY, LLC, AND SHAPIRO & MASSEY, LLC**            **DEFENDANTS**

### REPORT AND RECOMMENDATION

The plaintiff has filed a complaint and an application to proceed *in forma pauperis*, along with financial information under penalty of perjury as required by 28 U.S.C. § 1915(a)(1). However, the court notes that plaintiff has previously been admonished for filing frivolous cases and prevented from filing further actions in this district without an attorney or permission from the court. United States District Court Michael P. Mills has ordered that "due to numerous complaints filed by plaintiff that do not warrant him relief in this court, and his abuse of the judicial process, the plaintiff must be represented by counsel or obtain permission from the court before filing any other action in this district." Civil Case Number 3:13cv36-MPM-SAA, Docket 23, p. 2.

Title 28 U.S.C. 1915(a)(1) provides, "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets of such prisoner possesses that the person is unable to pay such fees or give security therefor." This statute does not provide an absolute

1

right to proceed *in forma pauperis* in federal courts. *Carter v. Thomas*, 527 F. 2d 1332 (5th Cir. 1976). It is a privilege extended to those unable to pay the filing fees when an action is not frivolous or malicious. *Startti v. U.S.A.*, 415 F. 2d 1115 (5th Cir. 1969). The court has discretion to determine whether or not to grant this status, *Carter v. Telectron*, 452 F. Supp. 939 (S.D. Tex. 1976), and the court may monitor a civil action that has been instituted *in forma pauperis* to avoid or minimize abuse of prosecution of such civil suits. *Hawkins v. Elliot*, 385 F. Supp. 354(D.C. S.C 1974); *Mann v. Leeke*, 73 F.R.D. 264 (D.C. S.C.1974).

The instant action is not subject to the Prison Litigation Reform Act ("PRLA"), however, the Court notes that plaintiff has a history of bringing actions that are "frivolous, malicious, or fail to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); *see* (1) *Yahoshua-Yisrael: Yahweh Executor v. AT&T, et al.*, 3:13CV36-MPM-SAA (N.D. Miss., Order dated February 18, 2014) (granting motion to compel arbitration, but finding "due to numerous complaints filed by plaintiff that do not warrant him relief in this court, and his abuse of the judicial process, the plaintiff must be represented by counsel or obtain permission from the court before filing any other action in this district."); (2) *Yahoshua-Yisrael: Yahweh, Ex Relatione Azez Ellis, Jr. v. NorthCentral Electric Power Association, et al.*, 3:13cv39-NBB-SAA (N.D. Miss, Judgment dated March 27, 2014)(dismissed for failure to state a claim upon which relief could be granted and deemed frivolous); (3) *Yahoshua-Yiserael: Yahweh Ex Relatione Azez Ellis v. Ken Adams, et al.*, 3:13cv40-MPM-SAA (N.D. Miss., Order dated February 19, 2014)(dismissed pursuant to Rule 12(b)(6) as well as because defendants are immune from liability); (4) *Yahoshua-Yisrael: Yahweh Ex Relatione Azez Ellis v. Ken Adams, et al.*, 3:16cv186-GHD-JMV (N.D. Miss. Order dated May 15, 2017)(dismissed as barred by *res judicata*, failure to state a

claim, barred by the statute of limitations, as frivolous and for failing to state a claim upon which relief may be granted); (5) *Azez Weslin Ellis Jr. Estate v. U.S. Bank National Association as Trustee*, 3:17cv77-DMB-RP (N.D. Miss. Order dated October 27, 2017)(dismissed for failure to properly serve defendants).

Three of the five cases discussed herein were cases in which plaintiff was granted *in forma pauperis* status and all three of those cases were dismissed as frivolous and/or as failing to state a claim. One of the other lawsuits was also dismissed as failing to state a claim and as frivolous. As a result, it is recommended that those cases be considered "strikes" for purposes of the "three strikes" provision of 28 U.S.C. § 1915(g). Further, as a result of acquiring "three strikes," it is recommended that plaintiff be found by this Court to have abused his *in forma pauperis* privileges and that he be prohibited from proceeding as a pauper in any future case or appeals under the "three strikes" provision of 28 U.S.C. § 1915(g).

## RECOMMENDATION

The undersigned recommends that Plaintiff's application to proceed *in forma pauperis* be **DENIED**.

The plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event he desires to file an objection to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days of this date and "a party's failure to file written objections to the proposed findings, conclusions and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted

by the district court . . . ." *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc) (citations omitted).

  Additionally, the Motion to Dismiss filed by defendants Ocwen Loan Servicing, LLC and U.S. Bank National Association is DENIED AS MOOOT.   Because plaintiff has not been granted *in forma pauperis* status, his Complaint is not considered an active case.

  **SO ORDERED,** this the 20th day of February, 2018.

                /s/     Roy Percy
                UNITED STATES MAGISTRATE JUDGE